### COMMONWEALTH *vs.* CHARLES SINCLAIR.

Middlesex.    Nov. 24, 1884. — Jan. 7, 1885.    FIELD, C. ALLEN, & COLBURN, JJ., absent.

At the trial of a complaint for an unlawful sale of intoxicating liquors, evidence of other sales, made by the defendant on the same occasion as that charged in the complaint, is admissible.

At the trial of a complaint against an innholder's clerk, for an unlawful sale of intoxicating liquors, the judge instructed the jury, " that, if the defendant was not in the room with the proprietor, and the door was locked between him and the proprietor, and the defendant took orders for intoxicating liquors and deliv-ered the liquor to the party ordering it, and took pay therefor, it was a sale by the defendant." *Held*, that the defendant had no ground of exception.

COMPLAINT to the Third District Court of Eastern Middlesex, in two counts, alleging that the defendant, on March 16 and 23, 1884, respectively, the same being the Lord's day, at Cambridge, unlawfully sold intoxicating liquors to a person unknown, not having any license, appointment, or authority to make such sale. At the trial in the Superior Court, before *Bacon*, J., the jury returned a verdict of guilty ; and the defendant alleged exceptions, which appear in the opinion.

*I. W. Richardson*, for the defendant.

*H. N. Shepard*, Assistant Attorney General, for the Commonwealth.

DEVENS, J.  1. The evidence of other sales, made on the same occasion as that when the facts testified to occurred, tending to show a sale to a person unknown, was admissible.  Proof of such sales might aid in showing that the transaction relied on by the prosecution was a sale, by proving the business then and there conducted.

2. The instruction was given, " that, if the defendant was not in the room with the proprietor, and the door was locked between him and the proprietor, and the defendant took orders for intoxicating liquors and delivered the liquor to the party ordering it, and took pay therefor, it was a sale by the defendant." This the defendant contends to be erroneous, on the ground that, if the defendant gave the order for liquors to an agent of Brigham, the defendant's employer, in the room with the defendant, and the agent decided whether or not to fill the order, and the price to be paid, it was not a sale by the defendant, but a sale by Brigham or his agent.  Assuming the law to be as contended by the defendant, the instruction does not hold it otherwise, and does not deal with any such state of facts as that supposed in this argument.  It undertakes to deal only with the relation immediately existing between the servant and the proprietor, and holds the servant to be liable to prosecution when all the acts necessary to constitute a sale are done by him independently of the proprietor, and not under his immediate control. In this view, the instruction is correct.  If it is deficient, and not all that the case required, in that it fails to deal with all the aspects of the case as presented by the evidence, it was for the defendant to have called attention to this ; and to have

requested an instruction based upon the theory that he was acting as a subordinate only to a superior agent of the proprietor, who determined whether an order should be filled, the price that should be paid, and that what was received from the agent was delivered to the purchaser, and the money paid therefor immediately transmitted to the agent; so that the defendant was discharging only the functions of a mere messenger or table-boy, without power to make a sale or to determine whether a sale should be made, and thus was in no sense the seller, but an intermediary only between the buyer and the seller. *Commonwealth* v. *Williams*, 4 Allen, 587.

No such instruction appears to have been requested, although in a certain aspect of the evidence, (which is but imperfectly disclosed, as only that relating to the questions intended to be raised is reported,) such a request might properly have been made. It is not possible for a judge to foresee all views of the evidence which may be taken. It is the duty of a party, who deems a ruling or instruction necessary for the protection of his interests, to call the attention of the judge thereto by a proper request, if he would lay the foundation for an exception. Questions upon which no rulings are asked, nor exceptions taken at the trial, are not open here for discussion. *Draper* v. *Saxton*, 118 Mass. 427. *Ames* v. *McCamber*, 124 Mass. 85. *Goodnow* v. *Hill*, 125 Mass. 587.

It might be added, were it desirable further to discuss the point, that, for aught that appears by the bill of exceptions, an appropriate instruction on this very matter may have been given. The bill does not undertake to report any instructions except those given or refused in answer to the defendant's requests. *Exceptions overruled.*