### STATE *vs.* OSCAR HOROWICH.

### Cumberland.   Opinion March 15, 1922.

*It is permissible for the State in establishing the intoxicating character of liquor, on an indictment charging respondent with unlawful possession of intoxicating liquor, to admit testimony of persons who have used a part of the liquors involved in the inquiry as to its effect upon them. A sale of the liquor involved may be shown as bearing on the question of unlawful possession.*

This is an indictment charging the respondent with unlawful possession of intoxicating liquor. The jury returned a verdict of guilty and the case is before the court on exceptions.

*Held:*

1. The State had the burden of proving that the liquor in question was intoxicating liquor. This was a question of fact for the jury. While there may be other means of establishing the intoxicating character of liquor, we think the most satisfactory testimony on the subject is that of persons who have used part of the liquors involved in the inquiry. This course was pursued in the instant case, and properly.

2. The State had the further burden of showing the respondent's possession of intoxicating liquors to be unlawful. Philip W. Wheeler, a deputy sheriff, was permitted to testify that while in respondent's store he saw the respond-

ent sell to cumtomers Florida water and witch hazel. This testimony was admissible with the other testimony in the case on the question of unlawful possession, and the intent accompanying such possession. What respondent's intention was would be fairly indicated by what he did with the liquors; what he did with the liquors may be shown by a witness who saw him dispose of them. The testimony was properly submitted to the jury.

On exceptions. The respondent was indicted for unlawful possession of intoxicating liquors, tried and found guilty, and seasonably took exceptions to the admission of certain testimony introduced at the trial. Exceptions overruled. Case remanded for execution of sentence.

The case is fully stated in the opinion.

*Clement F. Robinson, and Ralph M. Ingalls,* for the State.

*William A. Connellan, and Max L. Pinansky,* for respondent.

HANSON, J. This is an indictment charging the respondent with unlawful possession of intoxicating liquor. The jury returned a verdict of guilty and the case is before the court on exceptions.

The exceptions state that, "the respondent was the proprietor of a drug store at the corner of Oxford and Myrtle Streets in the city of Portland. On the fifteenth day of August, 1920, the Sheriff of the County of Cumberland, accompanied by some of his deputies, visited the premises. They found on the premises, in the possession of the respondent, a certain quantity of witch hazel, Florida water, Beef, Iron and Wine, and extracts. These liquids were seized by the officers, and were subsequently analyzed by a chemist, who found that the Florida water contained alcoholic contents of 50 per cent. He also found that the witch hazel contained alcoholic contents varying around 50 per cent. He also found that the Beef, Iron and Wine contained alcoholic contents varying around 40 or 50 per cent.; and also that the extract of lemon contained around 82 per cent. of alcohol.

One Edgar Williams was called on behalf of the State. He was permitted, against the objection of the respondent, to testify that subsequent to the seizure of these liquids, he was called to the Sheriff's office; that there he was given about one half a glass of the beef, iron and wine. He was permitted to testify as to the effect the liquid had upon him. He was permitted to testify that he felt it rising to his head and it made him dizzy; that this feeling came on in about

fifteen minutes; that it lasted about an hour. This testimony was offered by the State to prove that the liquid produced intoxication. To all of which the respondent seasonably objected and exceptions were seasonably taken and allowed.

The State offered the testimony of Philip W. Wheeler, a deputy sheriff, who testified that he was in the respondent's place of business on said day. He was permitted to testify, against the respondent's objection, that while in the store a customer purchased from the respondent a bottle of Florida water. He was further permitted to testify that another man came into the store and purchased from the respondent a bottle of witch hazel.

This testimony was offered by the State as evidence to support the allegations in the indictment that the respondent was guilty of unlawful possession of intoxicating liquors. The respondent seasonably objected to same and exceptions were seasonably taken and allowed.

There was other evidence in the case that would warrant the jury in finding the respondent guilty."

Notwithstanding the concluding sentence of the exceptions that "there was other evidence in the case that would warrant the jury in finding the respondent guilty," the exceptions will be considered in their order.

1. The testimony of Edgar Williams was admissible. The State had the burden of proving that the liquor in question was intoxicating liquor. This was a question of fact for the jury. While there may be other means of establishing the intoxicating character of liquor, we think the most satisfactory testimony on the subject is that of persons who have used part of the liquors involved in the inquiry. This course was pursued in the instant case, and properly. *State* v. *Intoxicating Liquors*, 118 Maine, 198, 4 A. L. R. 1128-1137; 23 Cyc. Page 267, Note 61.

2. The State had the further burden of showing the respondent's possession of intoxicating liquors to be unlawful. Philip W. Wheeler, a deputy sheriff, was permitted to testify that while in respondent's store he saw the respondent sell to customers, Florida water and witch hazel. This testimony was admissible with the other testimony in the case on the question of unlawful possession, and the intent accompanying such possession. What respondent's intention was would be fairly indicated by what he did with the liquors; what he did with the liquors may be shown by a witness who saw him

dispose of them. The testimony was properly submitted to the jury. *State* v. *O'Toole,* 118 Maine, 314; *Commonwealth* v. *Sinclair,* 138 Mass., 493.

> *Exceptions overruled.*
> *Case remanded for execution*
> *of sentence.*