[Crim. No. 632.   Third Appellate District.—July 18, 1922.]

## THE PEOPLE, Respondent, v. LOUIS CASSELLA, Appellant.

[1] INTOXICATING LIQUORS — SALE — ALCOHOLIC CONTENTS — SUFFICIENCY OF EVIDENCE.—In a prosecution under the Wyllie law for selling alcoholic liquor, testimony of a witness that he purchased from the defendant a glass of liquor which was called wine and which had a "kick" to it was sufficient to show that the liquor contained more than one per cent of alcohol.

[2] VERDICT—INDICTMENT CHARGING DIFFERENT OFFENSES.—A verdict finding a defendant guilty as charged in the indictment is not void for uncertainty, notwithstanding the indictment contains more than one count, where the jury is given several forms of verdict and specifically instructed as to the use of each form.

APPEAL from a judgment of the Superior Court of Mendocino County and from an order denying a new trial. H. L. Preston, Judge. Affirmed.

Test of intoxicating character of liquor, notes, 4 A. L. R. 1135; 11 A. L. R. 1233.

The facts are stated in the opinion of the court.

M. H. Iversen for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The defendant was convicted on two counts of selling alcoholic liquor and on one count of conducting a place where alcoholic liquor was sold, served, and distributed and kept for the purpose of sale and distribution, all contrary to the provisions of the Wyllie law. (Stats. 1911, p. 599). He was sentenced to imprisonment for three months on each of counts one and two, to run concurrently, and to pay a fine of $300 on the third count. The defendant appealed from the judgment and from the order denying his motion for a new trial.

A reversal is asked on two grounds: (1) That the evidence is insufficient to show that the liquor sold or kept for sale contained one per cent or more of alcohol; (2) That the verdict is void for uncertainty.

[1] A witness for the prosecution testified, in support of the first count, that he purchased from the defendant "so-called wine," at twenty cents a glass and "so-called jackass" at thirty-five cents a glass; that the liquor had a "kick" to it; that he could feel it; that "they called it wine," referring to the "so-called wine." In support of the second count the witness testified that he purchased from the defendant two glasses of wine at twenty cents a glass. The testimony produced in support of the third count is conclusive against the defendant. In *People* v. *Mueller,* 168 Cal. 521, 528 [L. R. A. 1915B, 282, 143 Pac. 750], the court said: "Wine is a well-known form of vinous liquor and it is common knowledge that it contains alcohol. . . . Its character is so well known that the court takes judicial notice of these qualities and also that it contains considerably more than one per cent, by volume, of alcohol, that it is intoxicating when taken into the stomach and that it may be used as a beverage. (Black on Intoxicating Liquors, sec. 5; 23 Cyc. 61.) We are not aware of any case holding specifically that judicial notice will be taken of the fact that ordinary wine contains more than one per cent of alcohol, but we do not doubt that it will."

[2]   The verdict of the jury is as follows: "We the jury find the said defendant guilty as charged in the indictment."   Section 954 of the Penal Code provides that "each offense upon which the defendant is convicted must be stated in the verdict."   It is contended that "the jury in casting their votes could have reached the verdict as rendered with a portion of the jury voting on count one, while another portion had in mind count two and still another portion of the members had in mind count three," in other words, that the jurors may not all have agreed as to the defendant's guilt on any one count.   The court gave the jury eight forms of verdict, among them the one rendered.   The court instructed the jury as follows: "The court has had prepared forms of verdicts one of which you will endeavor to find. . . . One verdict will read, 'We the jury find the defendant not guilty.'   If you find . . . he is not guilty of either or any of the three counts, your foreman will sign that verdict and return into court.   The next verdict, . . . 'We the jury find the defendant guilty as charged in the indictment.'   If you find the defendant guilty of all three counts your foreman will sign that one and return into court.   Another one reads, 'We the jury find the said defendant guilty as charged in count one of the indictment and not guilty as charged in counts two and three.'   Now, in case you find the defendant guilty of the first count of the indictment and not guilty in the last two counts, you will return that verdict."   In a similar manner the court instructed as to other possible verdicts.   If the jurors followed the plain instructions of the court, and it must be presumed that they did, then the verdict is not uncertain.   It is not in literal compliance with the provisions of section 954 of the Penal Code, but under the circumstances disclosed the defendant could have suffered no prejudice therefrom.   Had the jury expressly found the defendant "guilty on all counts as charged in the indictment," it would hardly be contended that the verdict was uncertain, and, in effect, this is what the jury did.   In *Ballew* v. *United States*, 160 U. S. 187 [40 L. Ed. 388, 16 Sup. Ct. Rep. 263, see, also, Rose's U. S. Notes], in considering a similar question, where the trial court had instructed the jury "that if they considered the defendant guilty on one count and innocent on the other, they should

so find; and if they found him guilty on both counts, that they should return a general verdict,'' and the jury had returned a general verdict of guilty, the court said: ''The verdict was a general verdict. That in a case such as this a general verdict is proper and imports of necessity a conviction as to both crimes is settled.''

In view of the uncertainty apparently existing as to the correct .form of verdict in such cases, it is deemed not improper to suggest that, where two or more offenses are charged, it would be a full compliance with the statute to furnish the jury a single form of verdict. In this case the following form would have been sufficient, with instructions to insert the words ''guilty'' or ''not guilty'' in the blank spaces in accordance with the finding of the jury on each count:

''We, the jury, find the defendant —— as charged in the first count of the indictment; we find him —— as charged in the second count; and we find him —— as charged in the third count.'' (*State* v. *Blunt,* 110 Mo. 322, 339 [19 S. W. 650].)

The judgment and order are affirmed.

Burnett, J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 14, 1922.

All the Justices present concurred.

Richards, J., *pro tem.,* and Myers, J., *pro tem.,* were acting.