Crim. No. 2618.    Fourth Dist., Div. One.    Dec. 20, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. ROBERT MICHAEL IHM, Defendant and Appellant.

Quentin K. McKillop for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and S. Clark Moore, Deputy Attorney General, for Plaintiff and Respondent.

WHELAN, J.—Defendant appeals from a judgment of conviction of violation of section 11500, Health and Safety Code. He was charged in one count of an indictment, which also charged a codefendant, Steven Harry Muns, with sales of narcotics and possessing heroin. In his separate trial, a jury found defendant Ihm guilty as charged. The court denied his motion for a new trial and sentenced him to prison for the term prescribed by law. The reporter's transcript states that the court sentenced defendant "for the offense of which he stands convicted." However, the judgment as entered in the minutes and the abstract thereof state that he was found guilty of "Possession Of Marijuana, Section 11500 of the Health and Safety Code."

Defendant filed an untimely notice of appeal to which this court granted relief under rule 31(a). The notice of appeal does not specify what defendant is appealing from. In defendant's opening brief he states that this is an appeal from the judgment, the conviction and the order denying his motion for new trial. The order denying the motion for new trial is not appealable. (Pen. Code, § 1237.) The judgment and conviction are merged as a single basis of appeal.

### THE EVIDENCE

On August 19, 1965, at about 6 p.m., Officer Pearson, working in an undercover capacity, was present at a residence in San Diego, California for the purpose of buying some heroin from Muns. Also present were the tenant of the house and one Cooper.

Muns had removed 17 capsules from a cigarette package and placed them on a coffee table. Officer Pearson noticed that all the small clear gelatin capsules contained a white powdery substance and that all were full with the exception of one which was half full or more than half full. Muns took the capsule which was half full and handed it to defendant stating, "There's a half a cap for you, man." In the jargon of narcotics users, a "cap" means a capsule of heroin.

Defendant took the capsule and immediately placed it in his mouth. He quickly removed it and raked his tongue across his teeth, indicating a bitter taste, and placed the capsule in his pocket.

Muns then handed the package containing the 16 capsules to Officer Pearson, who at that time made a partial payment for the narcotics.

A short conversation then occurred between Muns and Officer Pearson in which Muns stated that the "stuff" was of a good quality, indicating how many shots he had obtained from a single capsule. Defendant was present throughout the conversation.

Muns and defendant left the house together. The capsule which defendant was handed was not found thereafter. The 16 capsules delivered to Pearson all contained heroin.

During the presentation of the People's case, Muns was brought into the courtroom and identified.

Defendant testified on his own behalf as follows: He and Muns had been "pretty close" since February 1965; they had double-dated "a lot"; he was present in the house with the four other persons on August 19; he saw capsules on the table; Pearson, whom he had known as "Jack," and Muns were

negotiating for the sale of some narcotics; Muns gave him a capsule that was empty, which Muns had taken from his pocket; the capsule looked like a clear, gelatine capsule, which, if it had contained anything, would have had the color of the capsules received in evidence (which had been identified as containing heroin); he put the capsule in his mouth, then spit it out and laughed because "Well, I have never used heroin, at that time, and I was just going along with the joke like I was going to use it"; after putting the capsule in his pocket, he later put the capsule in an ash-tray; Muns did not say "There's a half a cap for you, man."

### DEFENDANT'S CONTENTIONS

Defendant's claim of error is based upon these contentions:

1. That the district attorney produced Muns in the courtroom for purposes of having him identified; and in his closing argument the district attorney commented upon defendant's failure to call Muns as a witness to corroborate defendant's testimony.

2. That the evidence was insufficient to show that the 17th capsule contained heroin.

3. That the motion for new trial was denied in an atmosphere of emotional tension, because defendant, just before the hearing, had run out of the courtroom.

4. That the judgment as entered showed defendant as having been sentenced for possession of marijuana.

### DEFENDANT'S FIRST CONTENTION

Defendant, at the time, did not object to bringing Muns into the courtroom for identification. ▮ Assuming that the procedure of bringing a confederate into the courtroom for identification is misconduct, it is not ground for reversal if not objected to at the time. (*People* v. *Demes,* 220 Cal.App.2d 423, 443 [33 Cal.Rptr. 986]; *People* v. *Kolb,* 174 Cal.App.2d 102, 106 [344 P.2d 316].)

Defendant's claim that in his closing argument the district attorney stated defendant could have proved his innocence by calling Muns is not supported by the record, which does not contain arguments of counsel. The People assert there was no objection made to the argument. Defendant's claim in that regard was urged on his motion for new trial. In disposing of the argument, the court then said: "I don't think there was any reference by the District Attorney in argument to Mr. Muns except in response to some argument on behalf of the

defendant that more could have been done or should have been done than was.''

### Defendant's Second Contention

It is asserted that the verdict cannot stand, since the 17th capsule was never recovered and since no test was ever made of its contents.

■ An essential element of the crime is that the capsule handed to defendant contained heroin. Proof of the corpus delicti may be by circumstantial evidence. (*People* v. *Cullen,* 37 Cal.2d 614, 624 [234 P.2d 1].)

■ Identification by chemical analysis of a narcotic that has become unavailable at the time of trial is not required. (*People* v. *Winston,* 46 Cal.2d 151 [293 P.2d 40]; *People* v. *Gallagher,* 168 Cal.App.2d 417, 423 [336 P.2d 259]; *People* v. *Rios,* 127 Cal.App.2d 620 [274 P.2d 163]; *People* v. *Candalaria,* 121 Cal.App.2d 686, 689 [264 P.2d 71].)

Similarly, in some prosecutions for illegal possession or sale of alcoholic beverages, proof of the character of the liquid possessed or sold has been by circumstantial evidence rather than as the result of analysis. (*People* v. *Cassella,* 58 Cal.App. 547, 548 [209 P. 40]; *People* v. *Minter,* 73 Cal.App.2d Supp. 994, 997 [167 P.2d 11]; *State* v. *Horowich,* 121 Me. 210 [116 A. 266].)

■ There was evidence that the capsule that passed into defendant's possession had the same provenance as the other 16 capsules, all of which contained heroin. It was not unreasonable to infer, therefore, that the white powder in the 17th capsule likewise contained heroin. The process of reasoning is that by which the identity of a substance in gross is established by the identity of a sample. (See 2 Wigmore, (3d ed.) § 439; *Thomas Fruit Co.* v. *Start,* 107 Cal. 206, 209 [40 P. 336]; *Albers Milling Co.* v. *Carney* (Mo.) 341 S.W.2d 117, 122, 123.)

The inference that the capsule contained heroin is strengthened by defendant's testimony, unbelieved by the jury, that the capsule was empty, that he discarded it; by his denial that Muns had said, ''There's a half a cap for you, man'' and of other statements made by Muns as testified to by the officer; and by defendant's account of the circumstances surrounding his putting the capsule into his mouth and spitting it out.

■ The testimony of the officer in a narcotics case need not be corroborated.

The conflicts in the evidence were for the trier of fact to resolve.

### DEFENDANT'S THIRD CONTENTION

■ This contention is not supported by the record; matters outside the record are not to be considered on appeal. (*People* v. *Pearson,* 150 Cal.App.2d 811, 815 [311 P.2d 142].)

### DEFENDANT'S FOURTH CONTENTION

The judgment as entered in the minutes by the clerk recites that defendant was found guilty of the crime of ''possession of marijuana, Section 11500 of the Health and Safety Code.'' Section 11500 covers drugs other than marijuana.

The indictment charged defendant with possession of heroin, a violation of section 11500; it was that offense of which he was found guilty. The judge sentenced defendant for the ''offense of which he stands convicted.''

■ Thus the judgment as entered in the minutes is inconsistent on its face. The inconsistency is palpably the result of clerical error. The trial court has inherent power to correct such error at any time. (*People* v. *Flores,* 177 Cal.App.2d 610, 613 [2 Cal.Rptr. 363].) The same is true where the error is as to the description of the crime of which defendant has been convicted. (*Ex parte Hornef,* 154 Cal. 355, 358 [97 P. 891].)

■ When the judgment record, by reference to the indictment, information or complaint, to which reference is specifically made, sufficiently shows the offense of which a defendant has been convicted and for which he is sentenced, the reference to or description of the offense is sufficient, and the defendant is not prejudiced by inaccurate statements with relation thereto, and the judgment is not void on that account. (*People* v. *Becker,* 80 Cal.App.2d 691, 695 [181 P.2d 958].)

An order for the correction of such an error may be made by this court. (*People* v. *Crittenden,* 14 Cal.App.2d 589, 593 [58 P.2d 680].)

The word ''marijuana,'' where it appears in the abstract of judgment and in the minutes, is modified to read ''heroin.'' As so modified, the judgment is affirmed. The attempted appeal from the order denying defendant's motion for a new trial is dismissed.

Brown, P. J., and Coughlin, J., concurred.