[Civ. No. 29461.   Second Dist., Div. Five.   Feb. 23, 1967.]

THE PEOPLE, Plaintiff and Appellant, v. ONE 1962 CHEV-ROLET BEL AIR, LICENSE NO. FHW 090, SERIAL NO. 21611L 145207, Defendant; JAMES B. BAKER et al., Defendants and Respondents.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, James H. Kline and Paul N. Wenger, Deputy Attorneys General, for Plaintiff and Appellant.

Jess Whitehill and Richard L. Riemer for Defendant and Respondent.

KAUS, P. J.—The People appeal from a judgment denying forfeiture of an automobile, which had allegedly been used to "unlawfully transport" narcotics and to "facilitate the unlawful transportation" of a narcotic. (Health & Saf. Code, § 11610.)

The narcotic in question was Cheracol, a cough syrup which contains codeine. At the time in question Cheracol could be obtained without a prescription (Health & Saf. Code, § 11200.) Pursuant to section 11225 of the Health and Safety Code it was, however, necessary for the pharmacist to make a record of the transaction showing, among other things, the name and address of the patient. The owner of the automobile in question had obtained the medicine after giving a false name and address.[1]

The trial court merely found that Cheracol was an exempt narcotic under section 11200 of the Health and Safety Code and denied forfeiture. We do not know from the record before us, whether the court's reasoning was that it was not a crime to obtain Cheracol by the use of a false name and address or whether the court reasoned that although such conduct was criminal, the subsequent possession of the narcotic was not.

We agree with the Attorney General that the obtaining of the Cheracol by the use of a false name and address was a crime. Section 11170.5 reads as follows: "No person

---

[1]The only evidence at the trial was to the effect that this was done on the advice of the pharmacist, who knew the owner well. The owner was politically active in his community. The pharmacist's wife "did not see eye to eye" with the owner on political matters and the pharmacist, who apparently did, felt that his wife could use the owner's use of Cheracol as a political weapon. We assume, without necessarily deciding, that if it was a crime for the owner to give a false name and address for the purpose of obtaining Cheracol, it was no less criminal if the true name and address were known to the pharmacist.

shall, in connection with the prescribing, furnishing, administering, or dispensing of a narcotic, give a false name or false address.'' While it is true that a person who purchases a narcotic which is exempt under section 11200 directly from a pharmacist has no occasion to give a false name or false address in connection with the ''prescribing'' of the medicine, he can, however, do so in connection with the ''furnishing'' or ''dispensing'' thereof. (See 38 Ops.Cal.Atty.Gen. 20.)

This conclusion, however, does not settle the problem. It does not necessarily follow from the fact that the owner committed a crime in obtaining the Cheracol that the transportation thereof was also unlawful, a prerequisite for bringing the forfeiture provisions of section 11610 into play.

Section 11610 of the Health and Safety Code is copied in the margin.[2] It is clear that it only reaches vehicles which are used for the unlawful transportation, keeping, depositing or concealment of narcotics or vehicles in which an occupant unlawfully possesses a narcotic. If there is nothing unlawful about the possession of an exempt narcotic, although such possession was gained by a violation of section 11170.5, the respondent vehicle was not subject to forfeiture.

The Attorney General contends that the possession of Cheracol was a felony under section 11500, which in pertinent part reads as follows: ''. . . Except as otherwise provided in this division, every person who possesses any narcotic other than marijuana except upon the written prescription of a physician . . . licensed to practice in this State, shall be punished . . . .'' This argument has surface plausibility. Concededly Cheracol is a narcotic and concededly the owner possessed it without the written prescription of a physician, but to go along with the argument would mean that the owner could have been convicted and punished under section 11500. In the light of the whole statutory scheme, this would result in a paradox.

''A code section should be construed, if possible, so as to give meaning and effect, not only to the section as a whole,

[2] ''§ 11610. The interest of any registered owner of a vehicle used to unlawfully transport or facilitate the unlawful transportation of any narcotic, or in which any narcotic is unlawfully kept, deposited, or concealed or which is used to facilitate the unlawful keeping, depositing or concealment of any narcotic, or in which any narcotic is unlawfully possessed by an occupant thereof or which is used to facilitate the unlawful possession of any narcotic by an occupant thereof, shall be forfeited to the State.''

but to each and every part thereof, and it is equally well settled that statutes and even constitutional enactments must be given a reasonable interpretation, and that a literal construction which will lead to absurd results should not be given if it can be avoided." (*Dempsey* v. *Market Street Ry. Co.*, 23 Cal.2d 110, 113 [142 P.2d 929].)

"The fundamental rule of statutory construction is that the court should ascertain the intent of the Legislature so as to effectuate the purpose of the law. (*California Toll Bridge Authority* v. *Kuchel*, 40 Cal.2d 43, 53 [251 P.2d 4] ; *County of Alameda* v. *Kuchel*, 32 Cal.2d 193, 199 [195 P.2d 17] ; *Dickey* v. *Raisin Proration Zone No. 1*, 24 Cal.2d 796, 802 [151 P.2d 505, 157 A.L.R. 324] ; 82 C.J.S., Statutes, § 321, p. 560; 45 Cal.Jur.2d, Statutes, § 126, p. 634.) Moreover, 'every statute should be construed with reference to the whole system of law of which it is a part so that all may be harmonized and have effect.' (*Stafford* v. *Los Angeles etc. Retirement Board*, 42 Cal.2d 795, 799 [270 P.2d 12].) If possible, significance should be given to every word, phrase, sentence and part of an act in pursuance of the legislative purpose. (*People* v. *Western Air Lines, Inc.*, 42 Cal.2d 621, 638 [268 P.2d 723].) Such purpose will not be sacrificed to a literal construction of any part of the act." (*Select Base Materials, Inc.* v. *Board of Equalization*, 51 Cal.2d 640, 645 [335 P.2d 672].)

Section 11715 of the Health & Safety Code declares that, among other things, it is a crime to possess a narcotic secured by a forged, fictitious or altered prescription, punishable for the first offense by imprisonment in the county jail for not less than six months nor more than one year or in the state prison for not more than six years.

The punishment for violation of section 11500 is not less than two nor more than ten years in the state prison.

It is obvious that a person who possesses a narcotic secured by a forged prescription could not be prosecuted under section 11500, but must be proceeded against under section 11715. This is so because of the principle that a special statute dealing specifically with the particular criminal act involved will control or supersede the general statute. (*In re Williamson*, 43 Cal.2d 651, 654 [276 P.2d 593] ; see cases collected in 1 Witkin, Cal. Crimes (1st ed. 1963) § 33, p. 36.)

If it were a crime under section 11500 to possess an exempt narcotic which needs no prescription, the absurd result would follow that a person who carries a bottle of cough medicine on his person for which he never needed a prescription in the

first place and which he could have obtained without violating any law by giving his true name and address, is liable to spend a minimum of two years in state prison, while he who obtains the most dangerous narcotic with a forged prescription gets off with a minimum of six months in the county jail. We do not believe that the Legislature ever intended such an absurd result.

The judgment is affirmed.

Hufstedler, J., and Stephens, J., concurred.