[Civ. No. 10635. Fourth Dist., Div. One. Nov. 20, 1970.]

ROBERT EDWARD RUSSELL, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Marlin & Lee and Don L. Marlin for Petitioner.

James Don Keller, District Attorney, Richard H. Bein and James D. Pippin, Deputy District Attorneys, for Respondent and for Real Party in Interest.

**OPINION**

**COUGHLIN, J.**—Petitioner Russell was charged in a two-count information with the offense of possession of a restricted dangerous drug in violation of Health and Safety Code section 11910, and possession of such a drug in the "San Diego Honor Camps" in violation of Penal Code section 4573.6; moved to dismiss the information pursuant to Penal Code section 995, upon the ground the evidence before the magistrate did not support a finding of probable cause to hold him to answer; and, upon denial of his motion, seeks a writ of prohibition to restrain further proceedings under the information upon the same ground.

Probable cause to hold an accused to answer to a criminal charge

is shown where, from the evidence before the magistrate, "a man of ordinary caution or prudence would be led to believe and conscientiously entertain a strong suspicion" an offense has been committed and the accused is the offender. (*Bompensiero* v. *Superior Court,* 44 Cal.2d 178, 183 [281 P.2d 250]; *People* v. *Landry,* 230 Cal.App.2d 775, 779 [41 Cal.Rptr. 202].)

For a period of approximately three weeks prior to March 24, 1970, petitioner had been an inmate of a county honor camp; on that date manifested symptoms of barbiturate intoxication including disorientation, staggering, loss of equilibrium, lack of coordination, drowsiness and slurred, hesitant speech; on the morning of the next day, i.e., March 25, 1970, manifested similar symptoms; and was subjected to a blood test which revealed the presence of 1.7 milligrams of barbituric acid per unit of his blood. The presence of barbiturates in the human body acts as a depressant causing symptoms such as those manifested by defendant. The quantity of barbituric acid found in defendant's blood indicated he had ingested barbiturates within three to five days before the test was made.

Defendant contends evidence establishing the foregoing facts is not sufficient to lead a man of ordinary caution to believe and conscientiously entertain a strong suspecion he had possession of a barbiturate, i.e., a restricted dangerous drug.

■ The possession of a restricted dangerous drug which is proscribed by Health and Safety Code section 11910 is that possession thereof creating "a potentiality for future use or sale" (*People* v. *Leal,* 64 Cal.2d 504, 512 [50 Cal.Rptr. 777, 413 P.2d 665]); and includes possession of such a drug intended for use by the possessor. (*People* v. *Garcia,* 248 Cal.App.2d 284, 289 [56 Cal.Rptr. 217]; see also *Harbin* v. *State,* 19 Ala.App. 623 [99 So. 740, 743].)

■ The elements of the offense of unlawful possession of a restricted dangerous drug are dominion and control over the drug in a quantity useable for consumption. or sale, with knowledge of its presence and of its restricted dangerous drug character. (*People* v. *White,* 71 Cal.2d 80, 83 [75 Cal.Rptr. 208, 450 P.2d 600]; see also *People* v. *Ihm,* 247 Cal.App.2d 388, 392 [55 Cal.Rptr. 599]; *People* v. *Thomas,* 210 Cal.App.2d 553, 556 [26 Cal.Rptr. 843]; *People* v. *Allen,* 196 Cal.App.2d 655, 660 [16 Cal.Rptr. 869].) ■ These elements may be established "by circumstantial evidence and any reasonable inferences drawn from such evidence." (*People* v. *Schroeder,* 264 Cal.App.2d 217, 226 [70 Cal.Rptr. 491].)

■ The offense may be proven without offering in evidence the drug which is the subject of the offense. (*People* v. *Winston,* 46 Cal.2d 151, 155 [233 P.2d 40]; *People* v. *Bianez,* 259 Cal.App.2d 76, 79, 81 [66 Cal.Rptr. 124]; *People* v. *Garcia, supra,* 248 Cal.App.2d 284, 290; *People* v. *Ihm, supra,* 247 Cal.App.2d 388, 392.)

■ In the case at bench the evidence, by inference, establishes petitioner, within three to five days before the blood test, ingested a barbiturate in a quantity sufficient to produce the amount of barbituric acid found in his blood and the symptoms he manifested attributable to its use. From this fact it may be inferred he had dominion and control over the barbiturate in a quantity useable for consumption, otherwise he would not have been able to ingest it. (*People* v. *Garcia, supra,* 248 Cal.App.2d 284, 288.) Finally, from his exercise of dominion and control over the barbiturate it may be inferred he had knowledge of its presence and its restricted dangerous drug character. (*People* v. *White, supra,* 71 Cal.2d 80, 83; *People* v. *Anderson,* 6 Cal.App.3d 364, 371 [85 Cal.Rptr. 669]; *People* v. *Mateo,* 171 Cal. App.2d 850, 955 [341 P.2d 768].)

■ It is of no consequence to disposition of the issue at hand that the evidence inferentially might support facts contrary to those heretofore noted, as the choice between conflicting factual inferences is a matter for resolution by the magistrate. (*People* v. *Crosby,* 58 Cal.2d 713, 730 [25 Cal.Rptr. 847, 375 P.2d 839].) ■ In determining whether the evidence furnishes probable cause to hold petitioner to answer it must be assumed the magistrate accepted those inferences supporting the order of commitment and rejected any inferences supporting a contrary conclusion. (*Ibid.*)

The offense with which petitioner is charged relates to his possession preceding his use of the barbiturate. The use of a dangerous drug without a prescription is not an offense. For this reason we are not confronted with the situation where evidence of a lesser specific offense is submitted in proof of a greater general offense. By way of example we note proof of use of a narcotic, which is a misdemeanor (Health & Saf. Code, § 11721) might be offered as proof of the unlawful possession of a narcotic, which is a felony (Health & Saf. Code, § 11500); the use of a narcotic, of necessity, is premised upon the antecedent possession of a narcotic; and proof of the lesser offense as sole proof of the greater offense may be proscribed by an application of the rule governing conflicts between general and special

statutes. (See *People* v. *One 1962 Chevrolet Bel Air,* 248 Cal.App.2d 725, 728 [56 Cal.Rptr. 878].)[1]

Petition for writ of prohibition is denied.

Brown (Gerald), P. J., and Whelan, J., concurred.

---

[1]In this regard we note being under the influence of a dangerous drug in a public place constitutes the misdemeanor offense of disorderly conduct (Pen. Code, § 647, subd. (f)), but find no conflict in the application of the statute defining that offense and the statute defining the offense of possession of a dangerous drug to the facts in the case at bench, because the county honor camp in which defendant was confined was not a public place. (Gen. see *In re Zorn,* 59 Cal.2d 650, 652 [30 Cal.Rptr. 811, 381 P.2d 635]; *People* v. *Belanger,* 243 Cal.App.2d 654, 657 [52 Cal.Rptr. 660]; *Gardner* v. *Vic Tanny Compton, Inc.,* 182 Cal.App.2d 506, 510 [6 Cal.Rptr. 490, 87 A.L.R.2d 113].)