## THE PEOPLE OF THE TERRITORY OF GUAM

v.

## RAMON DE GUZMAN

Criminal No. 106-72

District Court of Guam

Appellate Division

October 23, 1973

Before GRAY, BROWN, and PEREZ, *Judges*

BROWN, *Designated Judge*

### OPINION

Under a twelve count Information, the defendant was charged with the late payment of wages to each of twelve employees, each count alleging that the defendant was in violation of Section 46030 of the Government Code of Guam. The case was tried to a jury which returned its verdict in the following form:

"We, the Jury, find the defendant Guilty."

In considering the form of the verdict returned by the jury, we find that it was fatally defective. It must be remembered that each count of an Information constitutes a separate accusation, and the defendant is entitled to the jury's careful consideration of each offense charged. In the case before us, each count alleged a late payment of wages to each of twelve separate employees. From this fact alone,

219

it might appear at first glance that the verdict was a proper one. However, the record reveals that different situations obtained as to the various employees and it is entirely conceivable that, had the jury considered each of the charged offenses separately, it could have found defendant not guilty as to one or more of those counts; and perhaps it meant to do so. If reasonable minds would not question the meaning of a verdict as returned, then its form will not affect the result of a case. Such is not the case here, however, for reasonable minds could well differ as to precisely what was meant by the trial jury in its verdict. Did it mean that the defendant was guilty of each and every count? Did it mean that the defendant was guilty of some, but not all, of the counts? Did it mean that the jury had found defendant guilty as to one or more of the counts and had made no determination as to the remainder? If the information contains more than one Count, the verdict must clearly indicate to which count it refers. *People v. Powers*, 272 Mich. 303, 261 N.W. 543 (1935); *State v. Highley*, 102 S.W.2d 563 (Mo. 1937). Accordingly, we find that the form of the verdict was fatally defective so as to require us to reverse the judgment entered upon it. For guidance, we believe that in cases that may arise in the future and which contain multiple counts, it would be well to follow the suggestion set forth in *People v. Cassella*, 58 Cal.App. 547, 209 P. 40 (1922), that the jury be furnished with a form of verdict substantially as follows:

"We, the Jury, find the defendant ................................ as charged in the first Count of the Information; we find him ........................... as charged in the second Count ................................................, etc."

The utilization of such a form of verdict should go far to eliminate the type of confusion with which the trial court was faced in this case.

We have considered the other purported grounds for appeal, and we find the same to be without merit.

For the reasons set forth herein, the judgment of the trial court in this case is reversed.