## PEOPLE v. MARX.

(Supreme Court, Appellate Division, Second Department. November 20, 1908.)

1. CRIMINAL LAW (§ 478*) — EXPERT WITNESSES — QUALIFICATIONS—INTOXICA-
TING LIQUORS.
    That witness could not name the component part of whisky, nor state whether the liquor served him was "a distilled or rectified spirit," or whether there are many medicines smelling like whisky, did not disqualify him to testify as an expert that the liquor served him was whisky.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1065; Dec. Dig. § 478.*]

2. INTOXICATING LIQUORS (§ 233*)—UNLAWFUL SALES—EVIDENCE—CHARACTER
OF LIQUOR.
    That accused produced a liquid in answer to an order for whisky is evidence that it was whisky.
    [Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 293; Dec. Dig. § 233.*]

Appeal from Trial Term.

Anthony Marx was convicted of selling whisky on Sunday, and he appeals. Affirmed.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

James E. Finegan, for appellant.
Peter P. Smith, for the People.

GAYNOR, J. The testimony against the defendant is that of two police officers who visited his liquor saloon in citizens' clothes of a Sunday. One of them testified that he ordered a drink of whiskey of the defendant, that the defendant served the same to him from his bar, that he drank it, and that it was whiskey. He was cross-examined as an expert, and because he could not tell the "component parts" of whiskey, or whether the liquor served to him was "a distilled or rectified spirit," or whether there are "many medicines" that smell like whiskey, we are asked to hold that he was not competent to know whiskey when

he drank it—and this although he said he had been drinking whiskey for 30 years. This is an old story, and it were well if the courts heard it for the last time. Counsel for the defendant fails even to perceive that the fact that in answer to an order for whiskey the defendant produced a liquid to fill the order, was evidence that it was whiskey. The other policeman testified to the giving and filling of the order, but did not taste or smell the drink.

The judgment should be affirmed. All concur.