[Crim. No. 5084.   Second Dist., Div. Two.   Dec. 4, 1953.]

THE PEOPLE, Respondent, v. ELLOY CANDALARIA,
Appellant.

John H. Marshall for Appellant.

Edmund G. Brown, Attorney General, and James D. Loebl, Deputy Attorney General, for Respondent.

FOX, J.—Defendant was convicted of violating section 11714 of the Health and Safety Code in that he sold, furnished and administered heroin to Rosamond, a minor. He appeals from the ensuing judgment and order denying his motion for a new trial.

In January of this year, Bob drove Rosamond and her girl friend, Carol, also a minor, to defendant's home. The latter joined them in Bob's automobile where Rosamond had

a conversation with him about the purchase of some heroin from him. Defendant left the car and went to the side of the house and returned with some object in his hand. There was further conversation between the girls and defendant relative to buying "half a cap." Carol asked defendant "if it was good and he said yes." Rosamond gave defendant $5.00. The four young people drove to an orange grove on the other side of San Fernando, stopping at a hydrant, however, to fill the top of Carol's make-up case. Upon reaching the middle of the orange grove they stopped. Defendant brought forth a cellophane packet of capsules from his sock. Then "an outfit" consisting of a hypodermic needle, eye-dropper, cotton, matches, and bottle cap was produced. Defendant then emptied a white powder from one of the capsules into the bottle cap, put in a few drops of water, mixed it and "cooked it" by applying a lighted match. By the use of the eye-dropper and cotton the liquid was transferred to the needle, injected into Rosamond's arm and the back of Carol's hand. Defendant also had an injection.

On another occasion, at Carol's home, defendant furnished capsules of light brown powder which were "cooked" in the bathroom, where the liquid was injected into the girls' veins. There was testimony that at another time Rosamond gave defendant $10 for "two caps." Carol never gave defendant any money directly, but she gave it to Rosamond for delivery to him.

Carol testified that she had used heroin at least 30 or 40 times, at irregular intervals, and had gotten it either by sale or gift from 10 to 15 different people before she met defendant. She had blue needle marks on the back of both hands and wrists when she testified. She described the sensation and testified that she got the same effect from these injections. When she gave up the use of narcotics she suffered certain withdrawal symptoms which she described. Rosamond had used various narcotics for about two years, having used heroin perhaps 20 times during the past year. She, too, described the sensations and effects of these shots. The testimony of the girls as to the method of preparing heroin for injection, its color, the sensation received from it, and the withdrawal symptoms caused by failure to use the drug corresponded very closely to that of an expert on the same subjects.

Defendant's appearance had changed considerably between the time of these incidents and the trial. When he was associating with these girls he had a mustache; at the trial he had no mustache, and his hair was darker.

Defendant not only denied furnishing the girls any narcotics but also denied ever having known either of them. He further sought to establish an alibi by showing that he was working on his uncle's ranch near Lancaster, California, on the crucial date.

Defendant attacks the judgment upon three grounds: (1) that the People failed to prove the corpus delicti; (2) that the court erred in permitting Rosamond to testify that the substance furnished her by defendant was heroin; and (3) that the court erred in refusing to give certain requested instructions. None of these contentions, however, is meritorious.

In support of his argument that the corpus delicti was not established, defendant insists it was not shown that the substance he allegedly furnished Rosamond was heroin.

■ Ordinarily, the character of such substance is proved by a trained expert who has made a chemical analysis thereof. Here no such proof was offered because none of the powder was available for analysis. This, however, is not fatal to the People's case for the corpus delicti may be proved by circumstantial evidence. (*People* v. *Cullen,* 37 Cal.2d 614, 624 [234 P.2d 1]; *People* v. *Ives,* 17 Cal.2d 459, 463 [110 P.2d 408].) ■ The jury had for its consideration on this question the testimony that before the quartet drove to the orange grove Rosamond told defendant she wanted to buy some heroin; that she gave him money therefor; the presence of an "outfit" for its preparation and injection; the description of its preparation; that both girls (as well as defendant) received injections; the exhilarating effect of this, and the later injections in the bathroom at Carol's home; the similarity of the sensations on these occasions with those the girls had experienced from such injections before ever meeting defendant; the withdrawal symptoms; and the similarity of the sensations and effects, both from the injections and the deprivation thereof, with those described by the expert. There was also the testimony of defendant's changed appearance which justified an inference of consciousness of guilt. The weight of the evidence, as well as the inferences to be drawn therefrom, was, of course, for the jury. It cannot be said as a matter of law that there was not substantial evidence to support the implied finding that defendant furnished heroin to the minors.

■ The basic difficulty with defendant's argument on this phase of his case is that he would have this court reweigh

the evidence and draw inferences contrary to those drawn by the jury. Under well-established principles, we are not at liberty to do so. (*People* v. *Gould,* 111 Cal.App.2d 1 [243 P.2d 809].)

■ In view of the many experiences which Rosamond had had with narcotics in general and with heroin in particular, and in view of the closeness with which her description of the sensations and effects of heroin injections compared to the testimony of the expert on those topics, it was not error to permit her to testify that the substance furnished her by defendant was heroin. ■ The competency of a witness to express an opinion on a matter of this kind is largely within the sound discretion of the trial court and the ruling thereon will not justify a reversal in the absence of an abuse of such discretion. (*People* v. *Ravenscroft,* 90 Cal.App.2d 543, 547 [203 P.2d 109]; *People* v. *Horowitz,* 70 Cal.App.2d 675, 689 [161 P.2d 833].) We find no such abuse here. The weight, of course, to be given this testimony was for the jury.

■ In this connection it should be pointed out that Carol was on the stand before Rosamond was called, and that she testified without objection that the substance defendant injected into her arm was heroin and that it was the same substance that was injected into Rosamond's arm. Therefore, assuming, *arguendo,* that it was error to admit Rosamond's testimony that the substance was heroin, it could not be considered as prejudicial.

■ Defendant argues that the court committed prejudicial error in refusing to give requested instructions that the jury could not find the defendant guilty on circumstantial evidence alone unless the circumstances were consistent with the hypothesis of guilt and irreconcilable with any other rational conclusion, and that each fact essential to complete the chain of circumstances establishing guilt must be proved beyond a reasonable doubt. Here, it must be remembered, only a part of the evidence is circumstantial. While the evidence as to whether or not the substance furnished to Rosamond was heroin is essentially circumstantial, that connecting defendant with the crime is direct. The girls testified directly from their observation that defendant furnished them a powdery substance, helped prepare it for use, and administered the resulting liquid to them. Defendant not only denied participating in the events to which the girls testified but denied knowing either of them and claimed an alibi. That the jury did not believe the story told by the defendant

is implicit in the verdict. As the jury believed that defendant did furnish the substance to the two girls, a different verdict seems improbable even though the requested instructions had been given. Hence the failure to give them was not prejudicial and did not result in a miscarriage of justice. (*People v. Scott*, 112 Cal.App.2d 350, 352 [246 P.2d 122]; Cal. Const., art. VI, § 4½.)

The judgment and order are affirmed.

Moore, P. J., and McComb, J., concurred.