[Crim. No. 5188.   Second Dist., Div. Two.   Sept. 29, 1954.]

THE PEOPLE, Respondent, v. RICHARD MICHELL RIOS et al., Appellants.

Beecher S. Stowe for Appellants.

Edmund G. Brown, Attorney General and James D. Loebl, Deputy Attorney General, for Respondent.

MOORE, P. J.—Appellants and one Enriquez were convicted of having feloniously given and administered heroin to one Geraldine, a minor seventeen years of age, in violation of the Health and Safety Code. Rios and Hayes now demand a reversal of the judgment on the grounds of insufficiency of the evidence and error in admitting certain testimony.

It is not disputed that Geraldine was born October 7, 1935. The heroin was administered June 4, 1953. The original information was filed September 3 and the verdicts were returned November 11, 1953. She visited with all three men in May or June of the same year in the trailer of Rios in Montebello. That previously defendants had used heroin was testified to by Geraldine. ■ Appellants contend that there is no proof that the substance injected into the girl's arm was heroin. The facts proved are that she testified that defendants emptied a capsule of brown substance into a teaspoon, added water, heated the solution over a match, drew it into an eye-dropper with a hypodermic needle attached, and injected it into her arm and their own. They referred to the brown solution as ''H''—a common term used to denote heroin. Geraldine testified that immediately following the injection she felt a flash and became ill but that such illness became milder with repetition; that of the 30 injections of heroin she had received. defendants administered 22 of them. When arrested, the officers observed needle marks in her arms and they found a spoon, eye-dropper and hypodermic needle in the house she occupied. Officer Saulsbury testified that the method described by Geraldine is that customarily pursued by addicts of heroin and that the flash and illness resulting from the administration of heroin is common to those who commence the use of that narcotic. Such evidence alone is sufficient to support the conviction. (*People* v. *Candalaria,* 121 Cal.App.2d 686, 690 [264 P.2d 71]; *People* v. *Tipton,* 124 Cal.App.2d 213, 216 [268 P.2d 196].) But besides the testimony of Geraldine, the officers testified that at the time of the arrest, they found three capsules in a magazine stored in the rack in her apartment. These capsules were found by the officer Cromp, police chemist, to contain heroin.

■ Appellants contend that there was no proof that they aided or abetted Enriquez. The proof shows that at the times of the administering of the heroin to Geraldine, just prior to each injection of the drug by Enriquez, Rios and Hayes, as well as Enriquez, ''took a pop'' in the girl's presence.

Such conduct was designed to, and did, demonstrate that the injection would be free from pain and would cause a pleasant reaction. Thereafter each appellant administered the narcotic to their victim the same as Enriquez. While they did not actually administer the narcotic on the first occasion, alleged in the information, proof of their numerous subsequent acts was admissible as evidence that they were ''hand in glove'' with Enriquez, and encouraged him in his first criminal act of injecting the narcotic into Geraldine. They were thus, by such evidence, proved to have participated in the alleged act of Enriquez in his first ministrations of the narcotic to this unfortunate girl. (*People* v. *Lewis,* 113 Cal. App.2d 468, 470 [248 P.2d 461]; *People* v. *Wade,* 71 Cal. App.2d 646, 651 [163 P.2d 59]; *People* v. *Wilson,* 93 Cal. App. 632, 636 [269 P. 951].) Furthermore, the entire behavior of the accused men indicates that in the Geraldine affair they acted as a unit. Therefore, each of them was a principal. (*People* v. *Wade, supra.*)

■ There was no error in allowing Geraldine to testify that the drug injected into her body was heroin. The determination of the competency of any witness to express his opinion upon the name and classification of a drug used by him is vested in the sound discretion of the trial court. Its exercise of such power is not to be disturbed so long as it is not abused. After a continual association with defendants for many days and their administering it to her 22 times and in view of their intimate familiarity with the narcotic and of their frequent use thereof and especially in view of the fact that her reaction to the injections was the same as that of other victims, she was well qualified to testify that it was heroin. (See *People* v. *Candalaria, supra.*)

Judgment affirmed.

McComb, J., and Fox, J., concurred.