THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* DOUGLAS KENNY, Appellant.

Third Department, May 20, 1971.

*Michael J. Horowitz, Stanley G. Weiss* and *Murray A. Gordon* for appellant.

*Owens D. Grogan, District Attorney,* for respondent.

SIMONS, J. This is an appeal from a judgment of the County Court of Franklin County, rendered November 26, 1969, convicting defendant of violating section 220.40 of the Penal Law.

Defendant has been convicted of the crime of selling a dangerous drug, and sentenced to an indeterminate prison term not to exceed five years. The charge, made seven months after the alleged incident, is that defendant sold marijuana to the complaining witness, 19 years old at the time. The marijuana was destroyed by the complainant and not available for chemical analysis or production at the trial. The conviction rests on the testimony of the complainant who stated how the substance appeared, smelled and tasted, that it made him "high" and that in his opinion it was marijuana.

The position of the District Attorney was stated in the record during a colloquy with the court. "We claim he (the complainant) is merely a layman who has on at least three occasions smoked what he believed was identified to him as being marijuana, grass, pot, stuff, and that he observed that on these three occasions, he stated it was pale green, it had a musty or peculiar odor, and that the smoke smelled sweet, and that from smoking it, he had a reaction that caused him to be dizzy, to become 'high'".

Convictions involving the sale of dangerous drugs require more than the conclusion of a layman to establish the drug as one of those proscribed by statute. (Public Health Law, § 3301, subd. 38.) All elements of the crime, including the fact that a dangerous drug was the subject of the sale, must be proven beyond a reasonable doubt. There was no competent proof in this case that the substance purchased from the defendant was marijuana or that the characteristics attributed to it by the complainant were those of marijuana.

The general rule is that witnesses must state facts, not conclusions. Opinions of lay witnesses may be received in evidence when the facts which constitute the opinion are incapable of description, the subject matter is one that does not require expert knowledge, and the witness is qualified to give the opinion. (*Greenfield* v. *People,* 85 N. Y. 75; *Matter of Search for and Seizure of Liquors,* 204 App. Div. 185.) The complainant could properly describe the appearance, taste, smell and effect

of the substance, but he was not qualified to identify it as the narcotic, marijuana. His testimony was not offered as that of a qualified expert (clearly he was not one), but as that of a layman, and as such, it was incompetent for purposes of identifying the substance as marijuana. The evidence was improperly received.

The conclusion of the complainant being inadmissible, the jury was left with only the evidence of the physical characteristics of the substance. Expert evidence was required to identify the substance since the subject under consideration was not within the knowledge or experience of ordinary jurors. (*Dougherty* v. *Milliken,* 163 N. Y. 527, 533; see, also, Fisch, New York Evidence, § 368; Richardson, Evidence [8th ed.], §§ 383, 387.)

The District Attorney urges analogy to cases involving intoxicating beverages. (See *People* v. *Leonard,* 8 N Y 2d 60; *People* v. *Marx,* 128 App. Div. 828; *People* v. *Seeley,* 105 App. Div. 149, affd. 183 N. Y. 544.) Those cases are not particularly helpful in dealing with drugs. It is a reasonable hypothesis that jurors are familiar with the appearance, taste, smell and effect of alcohol, but jurors generally are not familiar with the various types and properties of narcotics and other dangerous drugs. Some additional evidence is required if they are to make the necessary factual decision for conviction.

The question does not seem to have been covered in any reported New York case, but other jurisdictions have held lay opinions standing alone insufficient to sustain convictions. (See *State* v. *Emmett,* 463 P. 2d 609 [Wash.] ; *People* v. *McLean,* 56 Cal. 2d 660.) While chemical analysis has not in all instances been required, something supportive of lay testimony is necessary to sustain the conviction. Thus, in *People* v. *Morgan* (2 Ill. 2d 360), the drug was offered in evidence without chemical analysis but defendant's counsel stipulated its admission and admitted that it was a narcotic. In addition, the defendant testified to the illegal sale of heroin. Obviously, in such circumstances, chemical analysis was not necessary. In *People* v. *Robinson* (14 Ill. 2d 325) and *People* v. *Tipton* (124 Cal. App. 2d 213), testimony was received from lay witnesses as to the taste, smell and effect of the drug, but in addition, in each case expert witnesses were produced to show that the properties described were those of heroin and also to establish that users of long experience, as were the witnesses in each instance, would be able to accurately describe the drug and their reactions to it.

480

The judgment should be reversed, on the law and the facts, and the indictment dismissed.

STALEY, JR., J. P., GREENBLOTT, COOKE and SWEENEY, JJ., concur.

Judgment reversed, on the law and the facts, and indictment dismissed.