## PEOPLE v ATKINS

1. Witnesses—Testimony—Credence—Question of Fact.

   The force of a witness's testimony depends upon the credit the jury thinks it entitled to, and no court has the right to lay down for a jury rules whereby they shall determine the force of evidence, irrespective of the credence they actually give it in their minds.

2. Drugs and Narcotics—Heroin—Sale—Evidence—Testimony of Addict—Instructions to Jury.

   It was not error for the trial court in a trial for the sale of heroin to allow to go to the jury, without corroboration and without a warning that it was inherently perjurious, the testimony of a police informer who arranged the "buy" with police knowledge and money, was a narcotics addict, had a criminal record, was on probation, faced possible probation revocation, had a pending breaking and entering charge against him, was never brought to a parole violation hearing, and had the breaking and entering charge subsequently dropped in consideration for his having been an informer (MCLA 335.152).

Appeal from Kalamazoo, Donald T. Anderson, J. Submitted Division 3 March 9, 1973, at Grand Rapids. (Docket No. 15674.) Decided May 25, 1973. Leave to appeal applied for.

Clarence Atkins was convicted of the sale of heroin. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, and *Stephen M. Wheeler,* Assistant Prosecuting Attorney, for the people.

References for Points in Headnotes

[1] 58 Am Jur, Witnesses § 862.

[2] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 47.

*Daudert & Barron,* for the defendant.

Before: R. B. BURNS, P. J., and T. M. BURNS and PETERSON,* JJ.

PETERSON, J. Defendant was indicted by grand jury for sale of heroin,[1] and appeals his jury conviction thereof. The sale charged was of two packets of heroin for $20 and was alleged to have been made at approximately 10 p.m. on March 12, 1971, at 216 W. Patterson Street in the City of Kalamazoo. The only other person allegedly present was the purchaser, one Edward Nero, who testified against defendant.

The only facts of consequence to this appeal involve Nero: (1) his was the only testimony to prove the offense; (2) he was a police informer who arranged the "buy" with police knowledge and money; (3) he was a narcotics addict;[2] (4) he had a criminal record, was on probation, and faced possible probation revocation and had a pending breaking and entering charge against him; and, (5) he was never brought to a probation violation hearing and the breaking and entering charged was subsequently dropped in consideration of his having been an informer.

Defendant proposes to couple these facts with another fact, not the subject of trial proof, of which we are in effect asked to take judicial notice, namely that every drug addict is inherently a perjurer where his own self-interest is concerned. From this major premise, defendant proceeds to the syllogistic conclusion, ergo, that all testimony

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] MCLA 335.152; MSA 18.1122.

[2] He admitted a long history of hard drug use and a recent overdose, but asserted that he was undergoing methadone treatment at the time of the "buy".

of an addict-police informer which incriminates another is presumptively so incredible that no man may be convicted thereon unless such testimony is corroborated, or, in the alternative, that the trial court has a duty to instruct the jury that such testimony is only to be received with extreme caution. Neither proposition was argued to the trial court by motion or request to instruct.

No Michigan authority is offered in support of either the major factual premise or the conclusions of law proposed to be drawn from its application to this case. The premise seems first to have found judicial currency in *Fletcher v United States*, 81 US App DC 306, 307; 158 F2d 321, 322 (1946), where the trial court refused a specific request for a cautionary instruction akin to those accepted in the District of Columbia regarding accomplices, informers or paid investigators.[3] The Court said:

"Granting that the credibility of the testimony of a paid informer is for the jury to decide, it nevertheless follows that where the entire case depends upon his testimony, the jury should be instructed to scrutinize it closely for the purpose of determining whether it is colored in such a way as to place guilt upon a defendant in furtherance of the witness's own interest. * * * And when to this is added the well recognized fact that a drug addict is inherently a perjurer where his own interests are concerned, it is manifest either that some corroboration of his testimony should be required, or at least it should be received with suspicion and acted upon with caution. The rule in this jurisdiction for a quarter of a century has been to require that a jury be warned in the case of evidence given by a detective

---

[3] But the application of the rule requires all of the elements combining to create the propensity to perjure, *i.e.,* that the witness be not only an addict but also either a paid informer or an informer under pressure. *See Godfrey v United States,* 122 US App DC 285; 353 F2d 456 (1966); *United States v Kinnard,* 150 US App DC 386; 465 F2d 566 (1972).

engaged in the business of spying for hire. The duty is more compelling where, as here, there is not a jot or title of other evidence and the criminal record of the witness is shown."

Other Federal circuits have followed *Fletcher,*[4] but only the Sixth Circuit, in *United States v Griffin,* 382 F2d 823 (CA 6, 1967), has gone so far as to hold it error on such facts to fail to give such an instruction. Similarly, only one jurisdiction, Illinois, has gone the last step, to hold that the addict-informer's testimony is not sufficient to make out a prima facie case unless corroborated.[5]

Michigan, however, has never shared the view basic to *Fletcher* and its progeny, that there is some testimony which is suspect as a matter of law. To the contrary, in *People v Wallin,* 55 Mich 497, 505 (1885), the Court said:

"The force of a witness' testimony depends upon the credit the jury think it entitled to; and no court has a right to lay down for a jury rules whereby they shall determine the force of evidence, irrespective of the credence they actually give it in their minds."

See also *People v Zesk,* 309 Mich 129 (1944), and *People v Maybee,* 44 Mich App 268 (1973), that it is not error to refuse to give cautionary instructions on the uncorroborated testimony of an accomplice.

Our commitment to the view that the credibility and weight to be given testimony is solely within the province of the jury mandates our rejection of defendant's claim that Nero's testimony could not go to the jury without corroboration or without

---

[4] *See Orebo v United States,* 293 F2d 747 (CA 9, 1961); *Joseph v United States,* 286 F2d 468 (CA 5, 1960), and *United States v Masino,* 275 F2d 129 (CA 2, 1960).

[5] *People v Bazemore,* 25 Ill 2d 74; 182 NE2d 649 (1962); *People v Bellecourt,* 126 Ill App 2d 365; 261 NE2d 730 (1970).

warning that it was inherently perjurious. The record discloses that the defense had and used every opportunity to expose Nero's position and faults to the jury. This is enough.

Lastly, defendant claims that the people failed to disclose a bargain with Nero to testify against the defendant. The bargain was denied, and no evidence was advanced at trial or post-conviction hearing to the contrary, unlike *People v Nettles,* 41 Mich App 215 (1972). The record shows that Nero was undoubtedly hopeful that the pending charge against him would be reduced or dismissed; it shows no more, and of this the jury was aware. There was no error.

Affirmed.

All concurred.