STATE OF INDIANA *v.* RICHARD J. LEWMAN, JR.

[No. 1-473A66.  Filed November 21, 1973.]

---

3.    See 256 Ind. at 203, 267 N.E.2d at 540, 25 Ind. Dec. at 121

*Theodore L. Sendak,* Attorney General, *John H. Myers,* Deputy Attorney General, *Malcolm H. Aukerman,* Prosecuting Attorney, of Newport, for appellant.

*Lewellyn H. Pratt,* of Bloomington, for appellee.

LYBROOK, J.—Defendant-appellee Lewman was charged with the unlawful sale of a certain narcotic drug, to-wit: hashish, a derivative of Cannabis. Trial by jury resulted in a verdict of not guilty.

The State appeals, contending first that the trial court erred in sustaining defendant's objection to certain testimony of State's witness Richard L. Fruits. The State's offer to prove revealed that Fruits, if permitted to testify, would have identified the substance sold as hashish.

Fruits testified that he was an undercover drug investigator for the Indiana State Police. In February 1971, while in the apartment of one Art Harness, Fruits overheard negotiations between Harness and the defendant for the sale of hashish. Harness paid defendant $7.00 for a gram of what defendant represented to be hashish. Fruits later saw Harness break off a chunk of the substance, and both Harness and Fruits smoked it in a "hashish" pipe.

At trial Fruits testified that he was experienced in the use of both marijuana and hashish, having smoked marijuana some 40 to 50 times, and had seen as many as 200 people use it on 25 to 30 occasions. He described the distinctive smell and taste of marijuana. Fruits further testified that hashish is similar to marijuana and that it is more potent. He stated that he had smoked hashish two or three times and described its appearance, smell, unique taste and effect.

The State contends that Fruits, as an experienced drug user, was competent to testify as to the identity of the substance. We agree.

In *Slettvet* v. *State* (1972), 258 Ind. 312, 280 N.E.2d 806, our Supreme Court held that where drugs themselves are not placed in evidence and there is no expert testimony based upon

a chemical analysis, there must be testimony of someone sufficiently experienced with the drug indicating the nature of the substance or conviction cannot be upheld.

In two other recent cases, witnesses experienced with the drug involved have been permitted to give their opinion as to the identity of the substance. See *Pettit* v. *State* (1972), 258 Ind. 409, 281 N.E.2d 807 and *Thorne* v. *State* (1973), 260 Ind. 70, 292 N.E.2d 607.

We therefore conclude that it was error to exclude the testimony of Richard Fruits that the substance he saw purchased and which he smoked was in fact hashish.

The State has properly preserved and argued three other issues relating to the court's instructions. Since the defendant cannot be retried upon this charge, we are of the opinion that no useful purpose would be accomplished in ruling on these issues.

On the issue concerning the erroneous exclusion of the opinion testimony of the witness Fruits, this appeal is sustained.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 303 N.E.2d 668.