PEOPLE v MARTIN

1. Drugs and Narcotics—Heroin—Possession—Double Jeopardy—Statutes.

The section of the Controlled Substances Act which bars prosecution in this state for violations under the act where a defendant has been convicted or acquitted of the same violation in a Federal court or a court of another state did not preclude a defendant's trial and conviction of delivery and possession of heroin in Detroit Recorder's Court predicated upon evidence obtained prior to his arrest and subsequent acquittal on similar Federal charges; the fact that both acts occurred the same day does not make defendant's possession one long, continuous transaction (MCLA 335.345).

2. Drugs and Narcotics—Addicts—Witnesses—Credibility—Instructions to Jury.

Refusal of a judge in a trial for delivery and possession of heroin to instruct the jury that a drug addict witness was "inherently a perjurer where his own interests are concerned" was proper because the courts have never recognized the view that there is some testimony which is suspect as a matter of law.

Appeal from Recorder's Court of Detroit, Robert J. Colombo, J. Submitted Division. 1 March 14, 1974, at Detroit. (Docket No. 17496.) Decided April 25, 1974.

Edward C. Martin was convicted of delivery and possession of heroin. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,*

REFERENCES FOR POINTS IN HEADNOTES
[1] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 27.
[2] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 46, 47.

Chief, Appellate Department, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*Leonard Townsend,* for defendant.

Before: J. H. Gillis, P. J., and Quinn and O'Hara,* JJ.

Per Curiam. Defendant appeals, by leave, his jury conviction for delivery and possession of heroin. MCLA 335.341(1)(a); MSA 18.1070(41)(1)(a); MCLA 335.341(4)(a); MSA 18.1070(41)(4)(a). There are four assignments of error, one of which will not be discussed since the trial court corrected the original sentence.

Defendant alleges that his trial in state court constituted double jeopardy in violation of the Michigan statutory provision which forbids trial in the courts of this state, in narcotics cases, where a defendant has been acquitted or convicted of the same act in a Federal court or a court of another state. MCLA 335.345; MSA 18.1070(45). The Michigan Supreme Court has held, in *People v White,* 390 Mich 245; 212 NW2d 222 (1973), that the same-transaction test as articulated in the concurring opinion of Mr. Justice Brennan, in *Ashe v Swenson,* 397 US 436, 448; 90 S Ct 1189, 1197; 25 L Ed 2d 469, 478 (1970), provides the only reasonable constitutional protection against being placed twice in jeopardy. While this case is one requiring application of the same-transaction test, it is clear, nonetheless, that defendant could be tried and convicted in Detroit Recorder's Court. His trial in that court was predicated upon evidence and testimony obtained prior to his arrest, and subsequent acquittal, on Federal charges. The fact that both·

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

acts occurred the same day does not make the defendant's possession one long continuous transaction.

The next assignment of error relates to the trial court's refusal to charge the jury:

"A drug addict is inherently a perjurer where his own interests are concerned."

We consider our discussion in *People v Atkins,* 47 Mich App 558; 209 NW2d 735 (1973), to be dispositive of this issue. The courts of this state have never recognized the view that there is some testimony which is suspect as a matter of law. It makes no difference whether the proposed instruction is requested, as in the case at bar, or not, as in *Atkins, supra.* We deem the discussion of the Third Circuit to be on point:

"Defendant took this 'inherently a perjurer' language from *Fletcher v United States,* 81 US App DC 306, 307; 158 F2d 321, 322 (1946). While the court in *Fletcher* was concerned with the reliability of an addict-informer, the court's decision was to allow such testimony but to require that a cautionary instruction be given. To suggest that the cautionary instruction should contain the words 'inherently a perjurer' is to misread *Fletcher,* for such an instruction would in effect make the testimony incompetent altogether." *Government of the Virgin Islands v Hendricks,* 476 F2d 776, 779 (CA 3, 1973).

Defendant's final assignment of error is also without merit. The testimony and evidence submitted supported the charges against him. Absent a manifest injustice this Court will not entertain allegations of erroneous jury instructions where no timely objection to those instructions was interposed before the jury retired to consider its verdict. We see no such injustice in the case at bar.

Affirmed.