PEOPLE v BELLEVILLE

PEOPLE v DALE

1. WITNESSES—RES GESTAE WITNESSES—CRIMINAL LAW—PROSECUTOR'S DUTY.

The failure of the prosecution to produce at trial res gestae witnesses who had been interrogated by state police officers and then released, without a showing why they were not produced at the trial, was reversible error.

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—ELEMENTS OF OFFENSE.

Failure to mention the offense charged in a trial court's instructions to the jury constituted reversible error.

3. DRUGS AND NARCOTICS—MARIJUANA—ILLEGAL POSSESSION—EVIDENCE—QUESTION OF FACT.

The testimony of a main witness who testified that he was familiar with marijuana and had smoked some with the defendants was sufficient in a trial for possession of marijuana to present a factual issue before the jury because when marijuana has been consumed it is often impossible to bring physical evidence of illegal possession before the fact finder.

Appeal from Mackinac, Edward H. Fenlon, J. Submitted Division 3 October 11, 1974, at Marquette. (Docket Nos. 19077, 19078.) Decided October 22, 1974.

Victor Belleville and Edward C. Dale were con-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence § 186.

Presumption or inference from party's failure to produce witnesses within his control, as affected by his introduction of some evidence on the matter in question. 135 ALR 1376.

[2] 53 Am Jur, Trial §§ 639–645.

[3] 25 Am Jur 2d, Drugs, Narcotics and Poisons § 45.

What constitutes "possession" of a narcotic drug proscribed by § 2 of the Uniform Narcotic Drug Act. 91 ALR2d 81.

victed in district court of possession of marijuana without a license. Defendants appealed to circuit court. Affirmed. Defendants appeal by leave granted. Reversed and remanded for new trial as to each defendant.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Edward G. McNamara,* Prosecuting Attorney, for the people.

*Nino E. Green,* for defendants.

Before: ALLEN, P. J., and J. H. GILLIS and McGREGOR, JJ.

J. H. GILLIS, J. On September 22, 1972 the above named defendants were jointly tried and convicted by a jury in the 92nd judicial district court of Mackinac County of possession of a controlled substance, *i.e.,* marijuana, without a license, contrary to MCLA 335.341(4)(d); MSA 18.1070(41)(4)(d). Each of the defendants was fined and given jail sentences.

On appeal, the circuit court upheld the convictions and sentences. Defendants' application for leave to appeal was granted by this Court on March 12, 1974.

On appeal, defendants raise three issues for our consideration: 1) Did the people fail to produce at trial, without adequate excuse or justification therefor, two female res gestae witnesses? 2) Did the trial court fail to adequately instruct the jury as to the elements of the offense charged? 3) Was the evidence introduced at trial sufficient to support a jury verdict in the absence of any tender or admission of physical evidence identified as a sample of the controlled substance which defendants are charged to have possessed? We reverse on the basis of each of the first two issues.

The record discloses that two young ladies were res gestae witnesses and were required to be produced by the prosecution. They had been interrogated by state police officers in the presence of their parents and were released. There was no showing made on this record as to why they were not produced, thus mandating reversal. *People v Harrison,* 44 Mich App 578, 599; 205 NW2d 900 (1973).

The court's charge to the jury did not even mention the offense charged. This is plain error. On appeal from district court the prosecutor conceded, and we commend him for so doing, that this constituted reversible error, but the circuit court nonetheless affirmed the conviction. We reverse on this ground also.

We have examined the third allegation of error and determine that under the facts in this case a sufficient foundation was laid to present a factual issue before the jury. When marijuana has been consumed it is often impossible to bring physical evidence of the charge before the fact finder. The main witness testified that he was quite familiar with marijuana and had smoked some with the defendants. His testimony was sufficient to raise a question of fact before the jury.

Reversed and remanded for new trial as to each defendant.

All concurred.