PEOPLE v BOYD

1. WITNESSES—EXPERT WITNESSES—QUALIFICATION—DISCRETION—
   ABUSE—APPEAL AND ERROR.

   The Court of Appeals will reverse a trial court's determination of
   a witness's status as an expert only where the trial court has
   abused its discretion by so misconstruing the facts and the logic
   of the case as to reach an absurd result.

2. WITNESSES—EXPERT WITNESSES—DEFINITION—DRUGS AND NARCOT-
   ICS—ADDICTS—IDENTIFICATION OF HEROIN.

   An expert witness is a person who is educated in a field or who
   has practical experience in a field which would aid a jury in
   understanding an issue related to that field; therefore, a heroin
   addict may be properly qualified as an expert to identify a
   substance as heroin where she has established that she has
   used heroin hundreds of times, has described her reactions to
   heroin on previous occasions, and stated that she purchased
   what she thought was heroin from the defendant and received
   the same reaction to it as she had on previous occasions.

3. WITNESSES—ADDICTS AS WITNESSES—HEROIN IDENTIFICATION—
   WEIGHT AND CREDIBILITY—EVIDENCE—ADMISSIBILITY.

   The qualifications of a heroin addict to express an opinion on a
   substance alleged to be heroin are matters of weight and
   credibility for a jury and not matters of admissibility for a trial
   court.

4. WITNESSES—NARCOTICS ADDICTS—BELIEVABILITY—JURIES—WEIGHT.

   The testimony of a narcotics addict is not inherently unbelieva-
   ble, and it is for the jury to decide the weight it will be given in
   a particular case.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 31 Am Jur 2d, Expert and Opinion Evidence §§ 24–32.
[3] 31 Am Jur 2d, Expert and Opinion Evidence §§ 181–189.
   Use of drugs as affecting competency or credibility of witness. 52
   ALR2d 848.
[4] 82 Am Jur 2d, Witnesses § 667.
[5] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 44 et seq.
[6] 21 Am Jur 2d, Criminal Law §§ 245, 253, 254.

5. CRIMINAL LAW—EVIDENCE—HEROIN—ANALYSIS—PROSECUTORS—
    FAULT.

    It is not necessary to produce at trial some of a substance
    identified by a narcotics addict as heroin so that a defendant
    accused of selling the substance may have his own experts
    analyze it where the entire amount was used by the addict
    shortly after she acquired it and its nonexistence was through
    no fault of the prosecution.

6. CONSTITUTIONAL LAW—TRIAL—SPEEDY TRIAL—DELAY—PREJUDICE—
    PROSECUTORS—BURDEN OF PROOF.

    It is at least necessary for a defendant to show that he was
    prejudiced by a delay in prosecution before the Court of Ap-
    peals will entertain a claim that he was denied a speedy trial,
    especially where there is no indication that the prosecution was
    responsible for any delay.

Appeal from Wayne, Richard M. Maher, J. Sub-
mitted June 12, 1975, at Detroit. (Docket No.
19866.) Decided October 13, 1975.

Michael Boyd was convicted of selling heroin.
Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, and *James A. Mitchell,* As-
sistant Prosecuting Attorney *(James B. Howard,* of
counsel), for the people.

*Beverly J. Clark,* for defendant on appeal.

Before: BRONSON, P. J., and V. J. BRENNAN and
D. E. HOLBROOK, JR., JJ.

D. E. HOLBROOK, JR., J. Defendant was convicted
on January 17, 1974, by a jury, of selling heroin.
MCLA 335.152; MSA 18.1122. He was sentenced to
serve 4 to 20 years in prison. Defendant appeals as
of right.

At trial the prosecution relied on the testimony

of the complaining witness, Betty Harris. Mrs. Harris, a former addict, testified that she purchased a quantity of heroin from the defendant. The sale occurred while Mrs. Harris was in the district court in Inkster awaiting a preliminary examination on an unrelated matter. The defendant was also present to testify in another case in which he was the complaining witness. She further testified that she had used heroin or cocaine hundreds of times over the past 2 to 2-1/2 years. Mrs. Harris explained the effects that heroin had on her and she testified that after she made this purchase she had similar effects. On this basis the trial court permitted Mrs. Harris to express her opinion that the substance she purchased from the defendant was heroin.

On appeal, defendant claims that the trial court erred in permitting Mrs. Harris to testify as an expert witness in addition to being the only eyewitness to the crime. As a general rule this Court will reverse a trial court's determination of a witness's status as an expert only when there is an abuse of discretion. *People v Hawthorne,* 293 Mich 15; 291 NW 205 (1940), *People v King,* 58 Mich App 390; 228 NW2d 391 (1975), *People v Charles Wilson,* 27 Mich App 171; 183 NW2d 368 (1970), *lv den,* 384 Mich 840 (1971). To abuse its discretion the trial court must so misconstrue the facts and the logic of the case as to reach an absurd result. *Wendel v Swanberg,* 384 Mich 468; 185 NW2d 348 (1971), *Spalding v Spalding,* 355 Mich 382; 94 NW2d 810 (1959).

The underlying question of whether a heroin addict may be an expert witness as to the identification of heroin is really one of first impression in this state. Recently, this Court in dicta stated that a regular marijuana smoker is qualified to give his

opinion that what the defendant was smoking was marijuana. *People v Belleville,* 56 Mich App 275; 224 NW2d 61 (1974). However, it has been pointed out that unlike many other drugs an addict's reaction to heroin will be the same as his reaction to many other drugs of the opiate group.[1] *Howard v State,* 496 P2d 657 (Alas, 1972). Consequently, we do not feel bound by the dicta in *People v Belleville, supra.*

To determine if Mrs. Harris should have been qualified as an expert we must first define who an expert is. Although the court rules make provisions for expert witnesses they do not define who may be one. GCR 1963, 605. However, case law has defined an expert witness as a person who is educated in the field or has practical experience in the field to aid the jury in understanding an issue relating to that field. *Empire Oil & Refining Co v Hoyt,* 112 F2d 356, 360 (CA 6, 1940), *Pennacchio v United States,* 263 F 66 (CA 2, 1920), *cert den,* 253 US 497; 40 S Ct 588; 64 L Ed 1031 (1920). Witnesses are especially helpful where they possess greater knowledge on a subject than would the average lay juror. *Pennacchio v United States, supra* at 67.

It is clear that expert testimony greatly aids the jury in determining if a substance is heroin. In fact, without it, it is doubtful that the jury could reach a sound conclusion since the typical member of a jury probably has had no experience with heroin. However, as stated in *Empire Oil & Refining Co v Hoyt, supra,* there are two basic types of expert witnesses, those with academic training and those with practical experience. However, even

---

[1] Among the more common members of the opiate group are heroin, opium and morphine. For additional members of the group see, MCLA 335.314; MSA 18.1070(14), and MCLA 335.316; MSA 18.1070(16).

those with the necessary academic training must demonstrate that they understand the particular fact situation. *E. g., Cree Coach Co v Wolverine Ins Co,* 366 Mich 449; 115 NW2d 400 (1962), *Accetola v Hood,* 7 Mich App 83; 151 NW2d 210 (1967), *Giacobazzi v Fetzer,* 6 Mich App 308; 149 NW2d 222 (1967), *lv den* 379 Mich 770 (1969). It is possible that someone with practical experience will be more of an expert witness than one with academic training in the area. See, *e. g., Rucker v Wyandotte Savings Bank,* 6 Mich App 195; 148 NW2d 532 (1967).

In this regard a properly qualified heroin addict may be the most qualified expert witness. *Commonwealth v Harris,* 186 Pa Super 59; 140 A2d 344 (1958). However, in a case when a heroin addict is used as an expert witness it will be more necessary for him to fully develop his "reasoning" process as to why and how he determined that the substance that he purchased and used was heroin. To qualify a heroin addict as an expert it is necessary to establish the number of times that he has used heroin. Then it is necessary for him to describe his reactions to the heroin when it was used on previous occasions. Finally it is necessary for the addict to state that he purchased what he thought was heroin and that he received the same reaction from this purchase that he had received earlier. See *Howard v State, supra, People v Rios,* 127 Cal App 2d 620; 274 P2d 163 (1954). In this case this is what the addict, Mrs. Harris, did.

In reaching this conclusion we are in accord with the vast majority of jurisdictions that have considered this question.[2] The only case that the

---

[2] *United States v Atkins,* 473 F2d 308 (CA 8, 1973), *cert den,* 412 US 931; 93 S Ct 2751; 37 L Ed 2d 160 (1973), *Ewing v United States,* 386 F2d 10 (CA 9, 1967), *cert den,* 390 US 991; 88 S Ct 1192; 19 L Ed 2d 1299 (1968), *Howard v State,* 496 P2d 657 (Alas, 1972), *People v Rios,*

defendant cites to us for the opposite proposition is easily distinguishable. In *People v Kenny,* 36 App Div 2d 477; 320 NYS2d 972 (1971),[3] the complaining witness, whom the prosecution relied on to establish that the substance was marijuana, had smoked it only three times before he observed the defendant smoking it. Compare *State v Lewman,* — Ind App —; 303 NE2d 668 (1973). Although there is language in *People v Kenny, supra,* concerning the need for scientific testimony in substance abuse cases, we feel that the use of a substance three times hardly qualifies one without more to identify the substance. In the present case Mrs. Harris had used heroin hundreds of times. Accord, *People v Rios, supra, State v Lewman, supra.*

Since Mrs. Harris could qualify as an expert witness the trial court did not abuse its discretion in qualifying her. Defendant's questions concerning her qualifications are matters of weight and credibility for the jury and not matters of admissibility for the trial court. *People v Charles Wilson, supra.* We also note with approval that the trial court specifically cautioned the jury regarding Mrs. Harris' expert testimony.

Defendant next argues that the uncorroborated testimony of a narcotics addict is insufficient to

127 Cal App 2d 620; 274 P2d 163 (1954), *People v Robinson,* 14 Ill 2d 325; 153 NE2d 65 (1958), *Pettit v State,* 258 Ind 409; 281 NE2d 807 (1972), *Edwards v Commonwealth,* 489 SW2d 23 (Ky, 1972), *State v Pipkin,* 101 NJ Super 598; 245 A2d 72 (1968), *cert den,* 393 US 1042; 89 S Ct 668; 21 L Ed 2d 590 (1969), *Commonwealth v Harris,* 186 Pa Super 59; 140 A2d 344 (1958), *see Pennacchio v United States,* 263 F 66 (CA 2, 1920), *cert den,* 253 US 497; 40 S Ct 588; 64 L Ed 1031 (1920), *State v Dunn,* 155 Mont 319; 472 P2d 288 (1970), *State v Johnson,* 54 Wis 2d 561; 196 NW2d 717 (1972). *Contra, People v Kenny,* 30 NY2d 154; 331 NYS2d 392; 282 NE2d 295 (1972). *See also People v Belleville,* 56 Mich App 275; 224 NW2d 61 (1974).

3 *Aff'd* in *People v Kenny,* 30 NY2d 154; 331 NYS2d 392; 282 NE2d 295 (1972) (a 4-3 decision).

prove defendant's guilt beyond a reasonable doubt. Although it is better to have corroborated testimony in any case, this Court has rejected the theory that a narcotics addict inherently cannot tell the truth. *People v Martin,* 53 Mich App 321; 220 NW2d 186 (1974), *People v Atkins,* 47 Mich App 558; 209 NW2d 735 (1973), *lv granted,* 391 Mich 766 (1974). Since an addict's testimony is not inherently unbelievable, it is up to the jury to determine what weight to give it in a particular case. *People v Atkins, supra,* at 561–562.

Defendant next argues that it was error not to introduce some of the heroin at the trial. This is based on the theory that the defendant has a right to have his own experts analyze the substance and give their opinions as to whether or not the substance is actually heroin. However, if it is not necessary to corroborate an addict's testimony it is not necessary to produce some of the substance at the trial for the defendant's expert. *State v Lanigan,* 258 Ind 279; 280 NE2d 809 (1972), accord, *People v Atkins, supra.*

The reason that the prosecution was unable to produce any heroin was that the entire amount was used by Mrs. Harris shortly after she acquired it. This is not a case where the prosecution's scientific expert witness used the entire amount which prevented the defendant from producing an expert to contradict the prosecution's expert's findings. In this case all the heroin had been consumed before the prosecution was even begun. Even if the prosecution had desired to present some of the heroin to the court, it could not since the heroin was not existent, through no fault of the prosecution.

Defendant finally claims that he was denied a speedy trial. Defendant was arrested June 29,

1973, on a complaint dated June 23, 1973, alleging that defendant had sold Mrs. Harris heroin on January 5, 1972. At trial the complaint was amended to allege that the sale occurred on August 23, 1972. The trial was initially scheduled for October 16, 1973, but was postponed twice because of Mrs. Harris' inability to attend court due to her pregnancy.

Although defendant objected to the adjournments of the trial date, on appeal, defendant does not claim they prejudiced him. His complaint is with the delay in arrest. However, before this Court will entertain a charge that the defendant was denied a speedy trial it is at least necessary for the defendant to show he was prejudiced by the delay. *People v Rhymes,* 62 Mich App 27; 233 NW2d 171 (1975). In this case the defendant makes a tentative showing of prejudice in his claim that the delay before his arrest prevented him from developing an alibi for January 5, 1972.

However, at trial the complaint was amended to make January 5, 1972, irrelevant. When the trial court offered the defense a continuance following the amendment of the complaint to explore and develop any possible alibi defenses for August 23, defense counsel turned the offer down. This eliminated any prejudice to the defendant since the defendant makes no claim that he could establish an alibi for August 23, and he does not allege any other reason that he was prejudiced by the delay.

The case is further distinguishable from *People v Hernandez,* 15 Mich App 141; 170 NW2d 851 (1968), since in that case the police knew of the incident for the entire period between the commission of the crime and his arrest. In the present case the record is bare of indications that the authorities knew of *this sale by this defendant* to

Mrs. Harris much before the complaint was issued. Any delay is thus understandable since we do not permit police to arrest people before they have knowledge of a crime.

We find no error. Affirmed.