PEOPLE v FOSTER

1. WITNESSES—CRIMINAL LAW—SUSPECT TESTIMONY—PERJURY—IN-
STRUCTIONS TO JURY.

No testimony is suspect as a matter of law; therefore, it is not
error for a trial court to refuse to give a cautionary instruction
requested by a defendant that the testimony of the complain-
ant, an admitted narcotic addict and paid police informer, is to
be treated with caution and viewed as inherently perjured.

2. CRIMINAL LAW—ALIBI—ALIBI INSTRUCTIONS—SUA SPONTE INSTRUC-
TIONS.

There is no duty upon the court to *sua sponte* give an instruction
on alibi in a criminal trial where the defendant has given
timely notice of alibi and presented a supposed alibi witness,
but has neither requested an alibi instruction nor made objec-
tion to the lack of one.

3. CRIMINAL LAW—ALIBI—INSTRUCTIONS TO JURY.

An instruction by the court, in a trial for assault with intent to
commit murder, where the defendant has given notice of alibi
but has not requested that an alibi instruction be given, is
adequate if it contains the requirements on the burden of proof
· and the elements of the offense, including the element that the
defendant was present and committed the offense.

4. CRIMINAL LAW—PROOF—STANDARD OF PROOF—REASONABLE DOUBT.

The proper standard of proof in a criminal case is whether there
is sufficient evidence to warrant a finding of guilt beyond a
reasonable doubt and not whether the finding of guilt is against
the great weight of the evidence.

5. WITNESSES—CRIMINAL LAW—EVIDENCE—PROSECUTORS—QUESTION-
ING WITNESSES—IDENTIFICATION OF ACCUSED.

It is proper and not prejudicial for the prosecutor to question the

REFERENCES FOR POINTS IN HEADNOTES
[1] 81 Am Jur 2d, Witnesses § 656 *et seq.*
[2, 3] 75 Am Jur 2d, Trial § 729 *et seq.*
    Duty of court to instruct on the subject of alibi. 118 ALR 1303.
[4] 30 Am Jur 2d, Evidence § 1168 *et seq.*
[5, 6] 81 Am Jur 2d, Witnesses § 416 *et seq.*

complainant, while testifying as a rebuttal witness, after a defendant in an attempted murder prosecution denied that he had ever seen the complainant, as to whether the complainant knew certain narcotics figures and had seen the defendant at their house, because such testimony was relevant to confirm the complainant's identification of the defendant by testimony of their prior acquaintanceship.

6. CRIMINAL LAW—PROSECUTORS—IMPROPER QUESTIONS—PREJUDICIAL ERRORS.
   It is hard to find a trial where every question is exactly proper, and therefore, reversible error does not necessarily result although some technically improper questions have been asked at trial by a prosecutor, unless some prejudice or pattern of eliciting inadmissible testimony is shown to exist.

Appeal from Recorder's Court of Detroit, James Del Rio, J. Submitted November 15, 1975, at Detroit. (Docket No. 21780.) Decided March 25, 1976.

Defendant Willie B. Foster was convicted of assault with intent to commit murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Charles P. Kellett,* Assistant Prosecuting Attorney, for the people.

*J. Chesney Carson,* for defendant.

Before: BASHARA, P. J., and D. F. WALSH and W. S. WHITE,* JJ.

PER CURIAM. Defendant was found guilty of assault with intent to commit murder, MCLA 750.83; MSA 28.278, following a two-day trial in Detroit Recorder's Court. He appeals his convic-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tion, arguing that the trial court should have instructed the jury to treat with caution the uncorroborated testimony of an addict-informant; that the trial court had a duty to issue a *sua sponte* alibi instruction once a pretrial notice of alibi was given; and that the prosecutor's questioning of a rebuttal witness was prejudicial.

The assault allegedly took place in the early morning hours of June 12, 1972, near the Bamboo Bar at 12th Street and Pingree. Complainant, Wiley Reed, approached defendant's car, expecting to receive a delivery of cocaine. Instead he received a shotgun blast in the face, certainly a mind expanding experience of a different nature than expected. While being transported to the hospital, the complainant allegedly gave police descriptions of his assailant and the assailant's vehicle. The descriptions fairly accurately depicted defendant and defendant's car. Defendant was arrested, arraigned, and brought to trial.

At the trial, the major witness offered by the prosecution was the complainant, a one time heroin and cocaine addict, but on methadone for the two years prior to the trial. He testified that he had taken both heroin and cocaine within eight hours prior to the assault. He testified that he had received money from the Detroit Police for expenses in other trials. In light of these facts, defense counsel asked the trial judge on three occasions to instruct the jury that the testimony of an admitted narcotic addict and paid informer is to be treated with caution.

Defense counsel cited *United States v Griffin,* 382 F2d 823 (CA 6, 1967), for the proposition that a judge must give such an instruction.

" 'Careful instructions', under the exceptional circum-

stances presented herein, demanded a charge as to the jury's evaluation and use of the testimony of the addicted informer. Its absence herein worked substantial prejudice to the defendant." 382 F2d 823, 829. (Footnote omitted.)

Our Court has considered similar arguments before. *People v Atkins*, 47 Mich App 558; 209 NW2d 735 (1973), *lv granted* 391 Mich 766 (1974), *People v Martin*, 53 Mich App 321; 220 NW2d 186 (1974). In *Atkins*, the defendant had not sought any special instruction below, but argued on appeal that the court had a duty to issue, *sua sponte*, an instruction that the testimony of an addict informer was to be received with extreme caution. In *Martin*, the defendant sought, at the trial court, an instruction that "a drug addict is inherently a perjurer". In both cases, this Court refused to order the instructions. The rationale for refusing the instructions was stated in *Martin*:

"The courts of this state have never recognized the view that there is some testimony which is suspect as a matter of law." 53 Mich App 321, 323.

*Atkins* and *Martin* are dispositive of this issue. Based on the current decisional law of Michigan, the trial court did not err in refusing to give the cautionary instruction requested.

Defendant's second issue on appeal is the failure of the trial judge to, *sua sponte*, instruct on alibi in view of the fact that defendant had given timely notice of alibi and presented a supposed alibi witness. Defendant did not object to the failure to give an alibi instruction, nor did defendant request an alibi instruction. Failure to give an unrequested alibi instruction is not reversible error, so long as the court gives a proper instruction on the

elements of the offense and the requirement that the prosecutor prove each element beyond a reasonable doubt. *People v Burden,* 395 Mich 462; 236 NW2d 505 (1975). Although alibi was noticed, there was very little, if any, alibi evidence for the jury to consider. The jury was adequately instructed that the people had the burden of proving each element of the offense charged beyond a reasonable doubt which, *a fortiori,* included the element that the defendant was present and committed the offense charged.

Defendant next argues that the trial court erred in not directing a verdict of acquittal on the basis that there was insufficient evidence to connect defendant with the crime charged. Defendant's contention is without merit. There was ample evidence justifying submission of the case to the jury.

Defendant next argues that the verdict was against the great weight of the evidence. The proper standard of proof in a criminal case is not whether the finding of guilt was against the great weight of the evidence, but rather whether there was sufficient evidence to warrant a finding of guilt beyond a reasonable doubt. *People v Washington,* 4 Mich App 453; 145 NW2d 292 (1966), *People v James,* 32 Mich App 278; 188 NW2d 164 (1971), *People v Bersine,* 48 Mich App 295; 210 NW2d 501 (1973). This Court on review does not substitute its judgment for that of the triers of fact who heard the testimony of the witnesses and observed their demeanor. *People v Casper,* 25 Mich App 1; 180 NW2d 906 (1970). Accordingly, the verdict will not be disturbed unless the evidence fails to support the finding of fact. *People v Person,* 20 Mich App 246; 174 NW2d 67 (1969).

The record in the instant case contains sufficient

evidence, if believed, to warrant a finding of guilty beyond a reasonable doubt.

Defendant's final assignment of error is that the prosecution's questions of the complainant when testifying as a rebuttal witness were improper and prejudicial, denying defendant a fair trial.

The prosecutor asked the complainant if he knew certain notorious narcotic figures and if he had seen defendant at their house. This line of questioning was permissible on rebuttal because defendant had denied ever seeing the witness in the past. The questions and answers were relevant to confirm the witness's identification of his assailant by testimony of prior acquaintanceship. The trial court did not abuse its discretion in permitting such testimony.

Defendant also seeks reversal because of alleged improper questions asked by the prosecutor relative to prior attempts on the life of the complainant and whether there was ever a contract placed on his life. The questions were improper but do not mandate reversal. This Court, in *People v Hooper,* 50 Mich App 186; 212 NW2d 786 (1973), made the following observation:

"The first claim of prosecutorial misconduct is asking his witnesses questions which elicited inadmissible and misleading testimony. The primary complaint is that the prosecution asked leading and suggestive questions. A review of the record reveals that the prosecutor did ask several leading questions during the examination of witnesses. However, this Court does not believe a case should be reversed merely because a few technically improper questions are asked. In fact, it is hard to find a trial where every question is exactly proper. In order to require a reversal some prejudice or patterns of eliciting inadmissible testimony must be shown. Neither of these are supported by the record in the instant case. Each time a technically improper question was asked, it

was either withdrawn by the prosecution or the prosecution rephrased the question in proper form. We cannot discern a pattern of eliciting inadmissible testimony in the instant case. Furthermore, we cannot find any prejudice to the defendant by the few improper questions that were asked." 50 Mich App 186, 196.

These observations apply with equal force to the present case.

Affirmed.