PEOPLE v SMITH

DRUGS AND NARCOTICS—WITNESSES—INSTRUCTIONS TO JURY—ADDICT-
INFORMANTS—CASE PRECEDENT—SPECIAL SCRUTINY OF TESTI-
MONY.
　　It was not error for a trial court at a defendant's trial for
　　delivery of heroin to refuse to give a defendant's requested
　　instruction that an addict-informer's testimony deserved special
　　scrutiny by the jury where at the time of the defendant's trial
　　the law was that such an instruction was unnecessary; because
　　subsequent to the defendant's trial the Supreme Court, in
　　another case, noted that "it would not be adverse" to such an
　　instruction, an instruction concerning special scrutiny of the
　　testimony of addict-informants should be given upon request in
　　trials subsequent to that case where the testimony of the
　　informant is the only evidence linking the defendant to the
　　offense.

Appeal from Kent, John T. Letts, J. Submitted
February 7, 1978, at Grand Rapids. (Docket No.
29679.) Decided February 24, 1978, opinion
amended March 21, 1978.

Phillip J. Smith was convicted of delivery of
heroin and of being a second offender. Defendant
appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *David H. Sawyer,*
Prosecuting Attorney, and *Donald A. Johnston III,*
Chief Appellate Attorney, for the people.

*Buth & Riley,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTE
75 Am Jur 2d, Trial §§ 583, 865.
81 Am Jur 2d, Witnesses §§ 497, 546, 667.

Before: J. H. GILLIS, P. J., and R. B. BURNS and ALLEN, JJ.

PER CURIAM. On May 11, 1976, defendant was convicted of delivery of heroin, contrary to MCLA 335.341(1)(a); MSA 18.1070(41)(1)(a), following a jury trial in Kent County Circuit Court. Defendant was also convicted of being a second offender under MCLA 335.348; MSA 18.1070(48). Defendant was sentenced May 26, 1976, to a prison term of from 5 to 40 years. He appeals as of right.

An addict-informer allegedly made a heroin purchase from defendant with money obtained from police officers. The prosecution's case rested on the testimony of the addict-informer. The possible personal interests, biases and prejudices of the addict-informer were brought out during the trial. The only issue on appeal raised by defendant concerns the trial court's refusal to give a requested instruction that an addict-informer's testimony deserved special scrutiny by the jury.

At the time of defendant's trial the law in Michigan was that an instruction such as that requested by defendant was unnecessary. *People v Foster,* 68 Mich App 276, 278–279; 242 NW2d 553 (1976), *People v Martin,* 53 Mich App 321; 220 NW2d 186 (1974), *People v Atkins,* 47 Mich App 558; 209 NW2d 735 (1973), *lv granted,* 391 Mich 766 (1974). Therefore it was not error for the trial court to refuse to give the requested instruction.

Subsequent to defendant's trial, the Supreme Court decided *People v Atkins,* 397 Mich 163; 243 NW2d 292 (1976). In *Atkins,* the Supreme Court, at 170, noted that it "would not be adverse" to an instruction similar to the one requested in the instant case. In the future, therefore, an instruction concerning special scrutiny of the testimony

of addict-informants should be given upon request,[1] where the testimony of the informant is the only evidence linking the defendant to the offense. We note that a majority of the Supreme Court in *Atkins*, 397 Mich at 171, refused to adopt an argument similar to defendant's argument that the logic of *People v McCoy*, 392 Mich 231; 220 NW2d 456 (1974), changed the law in Michigan and made it necessary that the instruction in question be given. The circumstances in *McCoy* are distinguishable, as mentioned by the Supreme Court in *Atkins*, and we do not find that *McCoy* affects the decision in this case.

Affirmed.

---

[1] CJI 5:2:04 suggests the form for such an instruction.